

# UNITED STATES DISTRICT COURT

## DISTRICT OF SOUTH CAROLINA – FLORENCE DIVISION

Case No.: To Be Assigned

PLAINTIFF:

Travis Sintell McCrae

1901 W. Evans St., Unit 6937

Florence, SC 29501

Email: Travis@Nipseyzcheckmate.com

Phone: (843) 618-4228

v.

DEFENDANTS:

Dr. Griffin, DDS

2214 Palmetto Street

Florence, South Carolina 29501

Aflac Insurance Company

103 Chase Street, Suite C

Florence, South Carolina 29501

---

# MOTION FOR RELIEF, RESTITUTION, DAMAGES, ETHICAL SANCTIONS, AND DECLARATORY JUDGMENT

1

# I. INTRODUCTION

Plaintiff, Travis Sintell McCrae, respectfully submits this Motion for Relief, Restitution, Damages, Ethical Sanctions, and Declaratory Judgment against Defendants Dr. Griffin, DDS, and Aflac Insurance Company.

What should have been a simple, routine dental procedure became a catastrophic event resulting in permanent physical injury, psychological trauma, financial loss, unethical misconduct, and a deliberate denial of lawful insurance coverage.

This motion demands accountability, compensation, and judicial intervention to correct injuries that continue to harm the Plaintiff's health, livelihood, trust estate, and family stability.

# II. JURISDICTION AND VENUE

This Court has jurisdiction under:

- 28 U.S.C. § 1331 (Federal Question)
- 28 U.S.C. § 1343 (Civil Rights – Color of Law)
- 28 U.S.C. § 1367 (Supplemental State Claims)
- 42 U.S.C. § 1983 (Deprivation of Rights)
- 42 U.S.C. § 1985 (Conspiracy to Interfere With Civil Rights)
- 15 U.S.C. § 1692 (Unfair and Deceptive Practices)
- 15 U.S.C. § 45 (FTC Act – Consumer Protection)
- S.C. Code § 38-59-20 (Insurance Bad Faith Penalties)

Venue is proper in Florence Division because all relevant acts occurred in Florence County, South Carolina.

Plaintiff additionally asserts standing under:

2

- Terra Firma Indigenous Jurisdiction
- South Carolina Convention of 1860–1862
- Woodland Indian Treaty protections
- Common-law sovereign inhabitant rights

These frameworks reinforce Plaintiff's protected status, cultural rights, and entitlement to redress from professional, corporate, and institutional abuse.

## III. STATEMENT OF FACTS

1. Plaintiff was scheduled to have tooth #27 extracted by Defendant Dr. Griffin.

2. Without informed consent, verification, or professional diligence, Dr. Griffin extracted the wrong tooth, causing immediate bleeding, pain, disfigurement, and trauma.

3. Multiple independent dentists confirmed that this was gross malpractice and a complete deviation from accepted dental standards of care.

4. When confronted with his error, Dr. Griffin retaliated by sending harassing, defamatory text messages, including false accusations of drug use directed at the Plaintiff.

5. Communications were reviewed by attorney Finklea, who confirmed the unprofessional behavior, negligence, and ethical violations.

6. Plaintiff submitted a legitimate insurance claim to Aflac Insurance, including X-rays, treatment records, dentist statements, and complete documentation.

7. Aflac wrongfully denied the valid claim without justification, later alleging the representative "was no longer employed," a tactic consistent with bad-faith concealment.

8. Plaintiff suffered:
    - Permanent dental injury
    - Emotional distress and PTSD
    - Financial loss impacting his business and trust estate

3

- Out-of-pocket medical expenses
- Lost income and reduced work capacity
- Damage to reputation and dignity

This motion seeks relief for all damages, losses, and violations.

# IV. LEGAL CLAIMS

## COUNT I – PROFESSIONAL NEGLIGENCE & MALPRACTICE

Defendant Griffin violated the ADA Principles of Ethics and Code of Professional Conduct (2025).

Breached Provisions:

- Section 1 – Patient Autonomy
- Section 2 – Nonmaleficence ("Do No Harm")
- Section 3 – Beneficence
- Sections 4.A–4.C – Truthfulness, Fair Dealing, Professional Conduct

South Carolina case law establishes clear liability for negligent dental procedures:

- Rogers v. Charleston Dental Associates, 391 S.C. 161 (2011)
- Hood v. Keller, 405 S.C. 428 (2013)

The wrongful extraction is malpractice per se.

4

## COUNT II – ETHICAL MISCONDUCT UNDER ABA RULE 8.4(c)

ABA Rule 8.4(c) prohibits:

"Conduct involving dishonesty, fraud, deceit, or misrepresentation."

Dr. Griffin engaged in:

- Concealment of wrongdoing
- Dishonesty regarding the procedure
- False statements to Plaintiff
- Harassment and intimidation

Such conduct mirrors the misconduct condemned in In re Shorter, 570 S.E.2d 404 (S.C. 2002).

## COUNT III – HARASSMENT AND DEFAMATION

Defendant Griffin's statements accusing Plaintiff of drug use were:

- False
- Malicious
- Retaliatory
- Professionally unethical

ADA Code §4.C.1 expressly prohibits unjustifiable criticism and defamatory communications.

These statements caused emotional harm and reputational damage.

## COUNT IV – BAD-FAITH INSURANCE CONDUCT (AFLAC)

5

Aflac violated:

- Unfair Claims Settlement Practices Act
- 15 U.S.C. § 1692a
- FTC Act (15 U.S.C. § 45)
- S.C. Code § 38-59-20

The denial was unreasonable, deceptive, and without proper investigation.

Cited authority:

Nichols v. State Farm, 279 S.C. 336 (1983).

## COUNT V – FRAUD & UNJUST ENRICHMENT

Both defendants financially benefited through misconduct, deception, and denial of rightful compensation.

Restitution is required under:

Restatement (Third) of Restitution §1

## COUNT VI – PERSONAL INJURY, PTSD & EMOTIONAL DISTRESS

Plaintiff experienced:

- Trauma
- Psychological instability
- Fear
- Ongoing mental distress

- Long-term emotional suffering

Recoverable under federal civil rights and state injury doctrines.

# V. DAMAGES & RESTITUTION

## ECONOMIC DAMAGES

- Corrective dental reconstruction: $28,500
- Follow-up medical treatment: $4,250
- Lost business income: $185,000
- Denied Aflac insurance benefit: $32,000
- PTSD therapy & care: $7,000
- Filing & administrative expenses: $3,000

## TOTAL RESTITUTION:

$259,750

## PUNITIVE & COMPENSATORY DAMAGES

Plaintiff seeks:

$7,500,000

for severe injury, suffering, civil rights violations, ethical misconduct, and deprivation of dignity.

## CONTINUING OBLIGATION

All future payments, settlements, and recoveries should be directed into the:

Travis Sintell McCrae Living Trust

for proper fiduciary management and long-term medical and emotional care.

# VI. RELIEF REQUESTED

Plaintiff respectfully prays the Court:

1. Enter judgment in favor of Plaintiff;
2. Award $259,750 in restitution;
3. Award $7.5 million in punitive damages;
4. Order full production of dental records, X-rays, and communications;
5. Compel Aflac to pay the denied benefits with penalties;
6. Refer ethical violations to the SC Board of Dentistry and ADA Ethics Council;
7. Grant declaratory and equitable relief recognizing Terra Firma Indigenous standing;
8. Award fees, administrative costs, and any additional relief deemed just.

# VII. VERIFICATION

I, Travis Sintell McCrae, certify under penalty of perjury that all statements contained herein are true and correct.

/s/ Travis Sintell McCrae

Date: November 11, 2025

# VIII. CERTIFICATE OF SERVICE

I, Travis Sintell McCrae, certify that on November 11, 2025, I served a true and complete copy of this Motion, including all exhibits, ethics citations, evidence preservation notices, and supporting documents, upon the following:

## Defendants:

Dr. Griffin, DDS

2214 Palmetto Street

Florence, SC 29501

Aflac Insurance Company

103 Chase St., Suite C

Florence, SC 29501

## Courtesy Notice (Ethics & Oversight):

American Dental Association – Ethics Council

211 E. Chicago Ave., Chicago, IL 60611

SC Board of Dentistry

110 Centerview Dr., Columbia, SC 29210

SC Department of Consumer Affairs

2221 Devine St., Suite 200

Columbia, SC 29205

U.S. Department of Health & Human Services – Office for Civil Rights

200 Independence Ave SW

Washington, DC 20201

## Internal Trust Copy:

Travis Sintell McCrae Living Trust

1901 W. Evans St., Unit 6937

Florence, SC 29501

/s/ Travis Sintell McCrae

Pro Se Plaintiff

*Travis McCrae*
*Nov. 13, 25*