IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Travis Sintell McCrae, a/k/a Travis McCrea, a/k/a Travis McCrae, | ) ) ) | CASE NO.: 4:25-cv-13433-JD-TER |
| Plaintiff, | ) ) | |
| vs. | ) ) | **MEMORANDUM ORDER AND OPINION** |
| Dr. Griffin, DDS, AFLAC Insurance Company, | ) ) ) | |
| Defendants. | ) ) | |

This matter is before the Court on the Report and Recommendation ("Report")

of United States Magistrate Judge Thomas E. Rogers, III, made in accordance with

28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02(B)(2) of the District of South

Carolina.[1] (DE 7.) The Report recommends that this action be dismissed without

prejudice and without issuance and service of process and that the Court decline to

exercise supplemental jurisdiction over any state-law claims. (*Id*.) Plaintiff Travis

Sintell McCrae, proceeding *pro se*, filed objections to the Report. (DE 9.) Also before

the Court is Plaintiff's Amended Motion to Compel Production of Electronically

Stored Information, Forensic Hard Drive Data, Preservation of Evidence, for

Sanctions, and Statement of Damages and Settlement Position. (DE 11.)

---

[1]     The recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The Court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

## I.    BACKGROUND

Plaintiff filed this civil action on November 17, 2025, naming Dr. Griffin, DDS, and AFLAC Insurance Company as Defendants. (DE 1.) Plaintiff also moved for leave to proceed *in forma pauperis*. (DE 2.) On November 19, 2025, the Magistrate Judge granted Plaintiff leave to proceed *in forma pauperis* and directed the Clerk not to authorize service. (DE 5; DE 6.)

Plaintiff's Complaint is styled as a "Motion for Relief, Restitution, Damages, Ethical Sanctions, and Declaratory Judgment." (DE 1.) Liberally construed, Plaintiff alleges that Dr. Griffin extracted the wrong tooth, caused physical and emotional injury, engaged in unprofessional or harassing communications, and committed dental malpractice or related misconduct. (*Id.*) Plaintiff further alleges that AFLAC Insurance Company wrongfully denied an insurance claim related to the dental treatment. (*Id.*) Plaintiff asserts claims or theories including professional negligence and malpractice, ethical misconduct, harassment, defamation, bad-faith insurance conduct, fraud, unjust enrichment, personal injury, PTSD, emotional distress, and related relief. (*Id.* at 4–7.)

The Complaint cites several federal statutes, including 42 U.S.C. §§ 1983 and 1985, 15 U.S.C. § 1692, and 15 U.S.C. § 45. (DE 1.) Plaintiff also asserts supplemental jurisdiction over state-law claims. (*Id.*) Plaintiff does not plausibly allege complete diversity of citizenship. (*Id.*)

2

## II.    REPORT AND RECOMMENDATION

On November 19, 2025, the Magistrate Judge issued the Report recommending dismissal without prejudice and without issuance and service of process. (DE 7.) The Report found that Plaintiff's allegations arise from alleged dental malpractice by his dentist and denial of a dental insurance claim by his insurer. (*Id.*) The Report concluded that, despite Plaintiff's citations to federal statutes, the allegations sound in state law and do not state a plausible federal claim sufficient to support federal-question jurisdiction. (*Id.*) The Report also found that Plaintiff did not plead diversity jurisdiction and recommended that the Court decline to exercise supplemental jurisdiction over any state-law claims. (*Id.*)

The Report advised Plaintiff of the deadline to file specific written objections and warned that failure to file timely, specific objections could waive appellate review. (*Id.*) Plaintiff filed objections on December 1, 2025. (DE 9.) Plaintiff later filed the pending amended motion to compel on April 16, 2026. (DE 11.)

## III.    LEGAL STANDARD

The Court must review de novo only those portions of the Report to which a party makes a specific objection. 28 U.S.C. § 636(b)(1). To be actionable, objections must be specific. Failure to file specific objections constitutes a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the district judge. *See United States v. Schronce*, 727 F.2d 91, 94 & n.4 (4th Cir. 1984). "The Supreme Court has expressly upheld the validity of such a waiver rule, explaining that 'the filing of objections to a magistrate's report enables the district judge to focus attention on those issues—factual and legal—that are at

3

the heart of the parties' dispute.'" *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting *Thomas v. Arn*, 474 U.S. 140, 147 (1985)).

In the absence of specific objections, the Court need not conduct a de novo review and must only satisfy itself that there is no clear error on the face of the record before adopting the recommendation. *Id.*; *see also Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983).

## IV.    DISCUSSION

After a thorough review of the Report, Plaintiff's objections, the Complaint, the later amended motion to compel, the record, and the applicable law, the Court adopts the Report.

Plaintiff's objections do not show that the Magistrate Judge erred in recommending dismissal. Plaintiff objects that federal-question jurisdiction exists because he cites federal statutes and regulations, including 42 U.S.C. § 1983, 18 U.S.C. §§ 1033, 1035, and 1343, 15 U.S.C. §§ 45 and 1692e, 42 U.S.C. § 18115, and 42 C.F.R. § 43.1. (DE 9.) But merely citing federal statutes does not create federal-question jurisdiction. The pleaded facts must plausibly show a claim arising under federal law. They do not.

Plaintiff's factual allegations concern an allegedly wrongful dental extraction, alleged unprofessional communications by a dentist, and the denial of an insurance claim. Those allegations may attempt to assert state-law claims for dental malpractice, negligence, fraud, defamation, emotional distress, or insurance bad faith, but they do not plausibly allege a federal cause of action.

First, Plaintiff's § 1983 theory fails because Plaintiff does not plausibly allege that either Dr. Griffin or AFLAC acted under color of state law. A private dentist and a private insurance company do not become state actors merely because a dentist holds a professional license, insurance is regulated, or Plaintiff characterizes the alleged conduct as a deprivation of rights.

Second, Plaintiff's reliance on the Fair Debt Collection Practices Act does not establish federal jurisdiction because the Complaint does not plausibly allege that Dr. Griffin or AFLAC is a "debt collector" within the meaning of the FDCPA or that the conduct at issue involved actionable debt-collection activity under that statute. Plaintiff's allegations concern dental treatment and insurance-claim denial, not collection of a debt by a statutory debt collector.

Third, Plaintiff's reliance on the Federal Trade Commission Act does not state a private cause of action. The FTC Act authorizes enforcement by the Federal Trade Commission, not private civil suits by individual plaintiffs for damages based on alleged unfair or deceptive practices.

Fourth, Plaintiff's reliance on federal criminal statutes, including wire fraud and other fraud-related provisions, does not create a private civil cause of action. Private citizens generally may not enforce federal criminal statutes through civil litigation unless Congress has created a private right of action, and Plaintiff identifies no such private right applicable here.

Fifth, Plaintiff's remaining cited federal regulations, federal "common law" labels, and generalized references to medical rights do not transform state-law dental

5

malpractice or insurance disputes into federal claims. The Court cannot create federal jurisdiction by accepting conclusory labels unsupported by facts showing a cognizable federal cause of action.

Plaintiff also does not establish diversity jurisdiction. In his objections, Plaintiff expressly states that diversity jurisdiction is not asserted because Plaintiff and Dr. Griffin are both residents of South Carolina, which destroys complete diversity. (DE 9 at 3.) The Complaint likewise does not plausibly allege complete diversity of citizenship. Accordingly, 28 U.S.C. § 1332 does not provide a basis for jurisdiction.

To the extent Plaintiff asserts state-law claims for dental malpractice, professional negligence, insurance bad faith, fraud, unjust enrichment, defamation, harassment, personal injury, PTSD, or emotional distress, the Court declines to exercise supplemental jurisdiction. When all claims over which the Court has original jurisdiction are dismissed at the outset, the Court may decline supplemental jurisdiction over remaining state-law claims. 28 U.S.C. § 1367(c)(3). This case remains at the initial review stage, no defendant has been served, and considerations of comity, fairness, and judicial economy favor dismissal of any state-law claims without prejudice so that Plaintiff may pursue them, if appropriate, in a court of competent jurisdiction.

Plaintiff's later amended motion to compel does not alter the jurisdictional analysis. (DE 11.) That motion seeks discovery, preservation of electronically stored information, forensic hard-drive review, disclosure of insurance policies, sanctions,

6

and consideration of damages or settlement. (*Id*.) Discovery is premature because service has not been authorized, Defendants have not appeared, and the Court has determined that the Complaint does not establish federal subject-matter jurisdiction or state a federal claim. The materials attached to the motion, including text-message screenshots and dental records, may relate to Plaintiff's state-law theories, but they do not create federal jurisdiction. Therefore, Plaintiff's amended motion to compel is denied as moot and, alternatively, as premature.

Having conducted the required review, the Court finds no error in the Report's conclusion that Plaintiff has failed to state a federal claim sufficient to support federal-question jurisdiction, has not established diversity jurisdiction, and that any state-law claims should be dismissed without prejudice.

## V.    CONCLUSION

After a thorough review of the Report, Plaintiff's objections, Plaintiff's amended motion to compel, the Complaint, the record in this case, and the applicable law, the Court finds that Plaintiff's objections are without merit and that the Magistrate Judge correctly recommended dismissal without prejudice and without issuance and service of process.

Accordingly, the Court ADOPTS the Report and Recommendation (DE 7) and incorporates it by reference. Plaintiff's objections (DE 9) are OVERRULED. Plaintiff's Amended Motion to Compel Production of Electronically Stored Information, Forensic Hard Drive Data, Preservation of Evidence, for Sanctions, and Statement of Damages and Settlement Position (DE 11) is DENIED AS MOOT and, alternatively,

DENIED AS PREMATURE. This action is DISMISSED WITHOUT PREJUDICE and without issuance and service of process. The Court declines to exercise supplemental jurisdiction over Plaintiff's state-law claims.

IT IS SO ORDERED.

Florence, South Carolina
June 11, 2026

Joseph Dawson, III
United States District Judge

## NOTICE OF RIGHT TO APPEAL

The parties are hereby notified of the right to appeal this order within thirty (30) days from this date under Rules 3 and 4 of the Federal Rules of Appellate Procedure.